**Maria A. GREGORY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 00–3123.**

United States Court of Appeals, Federal Circuit.

May 15, 2000.

Rehearing Denied July 13, 2000.

Maria A. Gregory, of Hinesville, Georgia, pro se.

Theodore Major, Attorney, United States Postal Service, Legal Policy Division, of Washington, DC, for respondent. With him on the brief were David W. Ogden, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC; and R. Andrew German, Managing Counsel for Legal Policy, U.S. Postal Service, of Washington DC. Of counsel were David M. Cohen, Director; and Harold D. Lester, Jr., Attorney, Department of Justice.

Before MAYER, Chief Judge, CLEVENGER, and GAJARSA, Circuit Judges.

CLEVENGER, Circuit Judge.

Maria A. Gregory was fired from her position as a Letter Technician with ·the United States Postal Service ("Postal Service") in Hinesville, Georgia, because she allegedly overestimated the delivery time of her route by about an hour and a half.

The Merit Systems Protection Board ("Board") rejected Ms. Gregory's appeal, holding that the penalty of removal was justified by Ms. Gregory's prior disciplinary record, part of which was the subject of then-current administrative grievance proceedings. *See Gregory v. United States Postal Serv.*, No. AT075298261–I–1, slip op. at 19 (Sept. 11, 1999). Because prior disciplinary actions that are subject to ongoing proceedings may not be used to support the reasonableness of a penalty, we affirm-in-part, vacate-in-part and remand for further proceedings.

I

On September 13, 1997, Ms. Gregory requested 3.5 hours of overtime or assistance in completing her mail route. Her supervisor, questioning whether the overtime was required, nonetheless granted her three hours of assistance. Indeed, Ms. Gregory's supervisor, William J. Cox, provided the assistance and accompanied Ms. Gregory himself. Mr. Cox, keeping precise records of Ms. Gregory's activities that day, alleged that Ms. Gregory overestimated the amount of time or assistance she needed by about 1.3 hours, and undertook disciplinary action on that basis. The Postal Service proposed to remove Ms. Gregory for this offense ("failure to perform duties in a satisfactory manner") based in part upon Ms. Gregory's prior disciplinary record, which (at that time) contained the following: (1) a May 13, 1997, Letter of Warning for insubordination; (2) a June 7, 1997, seven-day suspension for delaying the mail and failure to follow instructions; and (3) an August 7, 1997, fourteen-day suspension for delaying the mail, unauthorized overtime, failure to follow instructions, and failure to perform duties in a satisfactory manner. The proposed removal was upheld by the personnel officer in November 1997.

On appeal to the Board, Ms. Gregory argued that any overestimation should be excused because she was untrained in the practice of estimating route completion

times, was unfamiliar with the route she serviced that day, was suffering from carpal tunnel syndrome and bursitis, and had recently had foot surgery. In its Initial Decision, the Board rejected her arguments, finding Ms. Gregory's factual testimony unpersuasive. *See Gregory*, No. AT0752980261–I–1, slip op. at 11–12. Instead, the Board credited the evidence introduced by the Postal Service, especially the testimony of Mr. Cox. *See id.*, slip op. at 12. Accordingly, the Board sustained the charge. *See id.*, slip op. at 13.

The Board also rejected Ms. Gregory's affirmative defenses. These included: (1) allegations that her removal was in part based upon her disabled status (as we noted above, Ms. Gregory suffered from carpal tunnel syndrome, bursitis, and had recently had foot surgery); (2) claims that her removal was based in part upon race, sex, and age discrimination; and (3) claims that her removal was in retaliation for filing EEO and OSHA complaints and for engaging in union activities. The Board found that Ms. Gregory had not produced sufficient facts to substantiate her claims that the disciplinary action was taken against her for any of these reasons. *See id.*, slip op. at 13–17.

Finally, the Board sustained the removal penalty—finding that the Postal Service had properly applied the factors announced in *Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 306 (1981). In doing so, the Board's analysis rested heavily upon Ms. Gregory's prior disciplinary record, stating that "it revealed a pattern of conduct by [Gregory] to disregard the agency's and her supervisor's expectations of her performance and conduct." *See Gregory*, No. AT0752980261–I–1, slip op. at 19. Because of this "pattern," the Board ruled that the agency had chosen a penalty within the bounds of reasonableness and affirmed the removal. *See id.*, slip op. at 20.

The initial decision became final on October 20, 1999, see *Gregory v. United States Postal Serv.*, 84 M.S.P.R. 619 (1999)

(Final Order), precipitating Ms. Gregory's petition to this court. *See* 5 U.S.C. § 7703 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## II

■ In this court, Ms. Gregory challenges the factual findings that underlie the Board's holding sustaining the charge against her and rejecting her affirmative defenses. Our review of these factual considerations is extremely limited. *See Rosete v. Office of Personnel Mgmt.,* 48 F.3d 514, 516 (Fed.Cir.1995). We must affirm the Board's decision unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) in violation of required procedures; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994).

■ Here, we cannot say that the Board's factual findings are unsupported by substantial evidence. The Board evaluated the evidence presented by both Ms. Gregory and the Postal Service, finding the latter more credible and persuasive. Such evaluations, when based on the testimony of witnesses, are "virtually unreviewable" by this court. *King v. Department of Health & Human Servs.,* 133 F.3d 1450, 1453 (Fed.Cir.1998). The Board found that Ms. Gregory had indeed overestimated the amount of overtime or assistance she required, and that Ms. Gregory's arguments relating to her lack of qualifications for making such a determination were "without merit," given Ms. Gregory's position and experience with the Postal Service. The Board further found that Ms. Gregory had failed to produce evidence sufficient to make a prima facie case of discrimination or retaliation in her defense—the Board concluded that no evidence was introduced that indicated that the disciplinary action was not the result of her job performance, and that, in addition, no evidence was introduced that would show that discrimination or retaliation played any role in the evaluation of Ms. Gregory's performance or penalty. We have reviewed the record produced by the Board and find that the Board's factual findings are supported by substantial evidence. Accordingly, we affirm the Board's decision on the charge and its rejection of Ms. Gregory's affirmative defenses.

## III

Ms. Gregory also argues that the Board erred when it rested its analysis of the reasonableness of the penalty upon her three prior disciplinary actions, at least some of which were then the subject of grievance proceedings. We agree.

■ Both the Board and the Postal Service considered, as part of their analysis, three prior disciplinary actions taken against Ms. Gregory: (1) the May 1997 Letter of Warning, (2) the June 1997 seven-day suspension, and (3) the August 1997 fourteen-day suspension. It is undisputed that at least some of these prior actions were the subject of grievance proceedings during the time that this case was pending before the Postal Service and the Board. Indeed, we have taken judicial notice of the fact that one of the actions—the May 1997 Letter of Warning—was overturned by an arbitrator in July 1999 and ordered expunged from Ms. Gregory's personnel record. Our review of the record does not indicate the status of the challenges to the remaining disciplinary actions used to support the removal of Ms. Gregory, though we note again that the Postal Service does not dispute that duly-raised challenges to these actions were pending during the time that this dispute was being considered by the Postal Service and the Board.

The Board made clear that its determination that the penalty of removal was reasonable under these circumstances was based largely on the prior disciplinary history put forward by the Postal Service. Indeed, the Board noted that "a removal for one instance for failure to perform duties satisfactorily may appear unreasonable." *Gregory,* No. AT0752980261–I–1, slip op. at 19. However, the Board stated

that the prior disciplinary history "reveals a pattern of conduct" that made the penalty of removal reasonable. *Id.*

██ There is no doubt that prior disciplinary actions are an important factor when considering whether a particular penalty is reasonable under given circumstances. *See, e.g., Bryant v. National Science Found.,* 105 F.3d 1414, 1417 (Fed.Cir. 1997) (sustaining penalty in part based upon prior disciplinary record); *Webster v. Department of the Army,* 911 F.2d 679, 684–85 (Fed.Cir.1990) (same); *Davis v. Veterans Admin.,* 792 F.2d 1111, 1113 (Fed.Cir.1986) (same); *Douglas v. Veterans Admin.,* 5 MSPB 313, 5 M.S.P.R. 280, 306 (1981) (prior disciplinary actions relevant when assessing penalty). But there can also be no doubt that a penalty determination cannot be supported by an earlier prior disciplinary action that is subsequently reversed. *See Jones v. Department of the Air Force,* 24 M.S.P.R. 429, 431 (1984) ("Since [employee's] earlier ten-day suspension ... was reversed by grievance, it was effectively canceled and thus should not be considered in determining a reasonable penalty for the current charge."). In this case, Ms. Gregory had challenged, via grievance proceedings, at least part of the prior disciplinary history that was relied upon by the Postal Service and Board in determining the reasonableness of the penalty. At the time of the Board decision, at least, it appears that these challenges were pending. If the grievances were sustained and the prior actions ordered expunged—as, indeed, happened in at least one instance in this very case—the foundation of the Board's *Douglas* analysis would be compromised. Accordingly, we hold that, as a matter of law, consideration may not be given to prior disciplinary actions that are the subject of ongoing proceedings challenging their merits. To conclude otherwise would risk harming the legitimacy of the reasonable penalty analysis, by allowing the use of unreliable evidence (the ongoing prior disciplinary actions) to support an agency action.

██ Here, as we noted above, the Board (and, it appears, the Postal Service[1]) used Ms. Gregory's prior disciplinary history as a primary factor in determining the reasonableness of the penalty. Because those prior actions that were the subject of ongoing grievance proceedings could not be used, the Board abused its discretion in relying upon them. Accordingly, the Board's determination that the penalty of removal was reasonable must be set aside.

Upon remand, we leave it to the Board to determine whether: (a) the case should be immediately returned to the Postal Service to select a penalty in light of the precise status of Ms. Gregory's prior disciplinary record; or, (b) the Board should retain jurisdiction for the purpose of exercising its own mitigation authority pursuant to the framework established by *LaChance v. Devall,* 178 F.3d 1246, 1259–60 (Fed.Cir.1999).

### IV

The Board's determination regarding the charge against Ms. Gregory—that she failed to perform her duties satisfactorily by overestimating the amount of time that it would take her to complete her mail route—is supported by substantial evidence. The Board's conclusion that the removal penalty was reasonable under the circumstances was an abuse of discretion and is vacated. The case is returned to the Board for further proceedings not inconsistent with this opinion.

### COSTS

No costs.

**AFFIRMED–IN–PART, VACATED–IN–PART AND REMANDED**

---

1. Both Ms. Gregory's immediate superior and the personnel officer explicitly noted that Ms. Gregory's prior disciplinary record was a significant basis for their decision to remove her.