**Maria A. GREGORY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

No. 00–3123.

United States Court of Appeals,
Federal Circuit.

March 5, 2002.

Before MAYER, Chief Judge,
CLEVENGER, and GAJARSA, Circuit
Judges.

CLEVENGER, Circuit Judge.

Our previous judgment in this case was vacated by the Supreme Court, and the case was remanded to us for further proceedings. *United States Postal Serv. v. Gregory* 534 U.S. 1, 122 S.Ct. 431, 151 L.Ed.2d 323 (Nov. 13, 2001). We in turn *remand* the case to the Merit Systems Protection Board ("Board") for further proceedings as specified herein.

I

The pertinent facts of this case are set forth in our previous opinion, reported at *Gregory v. United States Postal Serv.* 212 F.3d 1296 (Fed.Cir.2000), and in the Supreme Court's opinion. We need recite only those facts pertinent to further proceedings. Maria Gregory ("Gregory") was disciplined by the Postal Service for leaving her job early to take her daughter to the doctor. Gregory grieved the disciplinary action. Later in the same month, Gregory was suspended for 7 days for delaying the mail. She filed a second grievance. A few months later, Gregory was suspended for 14 days for other alleged offenses. She filed a third grievance.

While the three grievances were pending, Gregory was accused of overestimating her overtime by more than an hour. For this alleged offense, Gregory was removed. She appealed to the Board, which found that she had committed the alleged offense, and then sustained her removal, relying on the three charges that were being grieved. In short, the Board held that the Postal Service's decision to remove Gregory was a reasonable penalty for overestimating her overtime, in the light of the three previous allegations of her misbehavior. While her appeal was pending before the Board, Gregory prevailed on the first grieved incident, but the Board was unaware of her victory.

On review in this court, we noted that the first incident had been resolved in Gregory's favor, and held that the other two incidents, not having been resolved, could not be counted against Gregory in deciding whether the penalty of removal is correct for the single offense proven. The Supreme Court reversed our decision, holding that the Board does not err by considering the nature of charges made against an employee that are subject to

grievance proceedings, when the Board considers the penalty to be assessed for proven misconduct.

Nonetheless, the Supreme Court noted that the Board "has a policy of not relying upon disciplinary actions that have already been overturned in grievance proceedings at the time of Board review." *Gregory*, 122 S.Ct. at 436, (citing *Jones v. Dep't of Air Force*, 24 M.S.P.R. 429, 431 (1984)). For that reason, the Supreme Court held that a remand to this court was required, as conceded by the Postal Service, because the initial incident had been resolved in Gregory's favor. The Supreme Court instructed us "to determine the effect of this reversal [the successful grievance of the first incident] on respondent's termination." *Gregory*, 122 S.Ct. at 436.

Before the case arrived at the Supreme Court, the Postal Service took the position that pre-removal grievances do not survive the employee's removal from service, and therefore it refused to continue the grievances on the other two incidents that Gregory had grieved. At oral argument at the Supreme Court, the agency relinquished its opposition to continuance of the two other grievances, stating that it would not object to continuance of those grievances if the Supreme Court reversed our earlier judgment. *Id.* at 440 n. 3 (Ginsburg, J., concurring)

The Supreme Court also noted that the Board has the authority to review Gregory's case in the light of the results from all three of the grieved incidents. *Id.* at 436.

## II

■ As we concluded in our earlier decision, we affirm the Board's decision that Gregory committed the offense of overestimation of overtime charged in the fourth episode of the case. That charge led to the agency's decision to remove Gregory. The question thus is not whether Gregory committed that offense, but rather what is the correct penalty for it.

■ Since the Board would not consider the first incident as relevant to the penalty to be administered (since Gregory prevailed on that charge), see *Jones, supra,* the posture of the case is whether the penalty of removal is warranted based on the other two incidents and the final "removal" incident. Because the agency has agreed to continue the grievances on the second and third incidents, it is premature for this court to determine if removal is appropriate on the record as it now stands. Indeed, assessment of the correct penalty for proven violations in the first instance is a matter for decision first by the Board, not by this court.

Because the Postal Service will complete adjudication of the two remaining grieved issues, the case is in a somewhat unusual posture. We read the Supreme Court's decision to permit the Board to consider previous alleged but unproven offenses when assessing a penalty for a proven violation. As the Supreme Court noted, the Board's policy is to ignore previous alleged offenses if unproven. As Justice Ginsburg noted in her concurring opinion, the Board's regulations grant it the authority to reopen an appeal and reconsider its decision "at any time." *Gregory*, 122 S.Ct. at 439, 5 C.F.R. § 1201.118 (2001) ("The Board may reopen an appeal and reconsider a decision of [an administrative judge] on its own motion at any time, regardless of any other provisions of this part."). In its brief to the Supreme Court, the Postal Service agreed that the Board is authorized to reopen an appeal "in the event that the employee's prior disciplinary record has been revised as the result of a successful grievance." Brief for Petitioner 28.

In the present circumstances, Gregory is entitled to completion of the two pending

grievances. Whether the Board prefers to make a decision now on its view of the correct penalty for the one proven offense, or whether the Board prefers to make that decision after the two grievances are concluded, is a matter for exercise of the Board's sound discretion.

We express no view on Justice Ginsburg's comment that "[t]here is every reason to believe that the Board would reopen to reconsider a decision that credited a prior disciplinary action later overturned in arbitration." *Gregory*, 122 S.Ct. at 439. Nor do we comment on her observation that it "might well be 'arbitrary and capricious' in such a situation for the Board to disregard the employee's revised record and refuse to reopen." *Id.*

We remand the case for the Board's further assessment of the correct penalty for the one offense Gregory has committed.