**Adomas R. BRAKAS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3068.

United States Court of Appeals, Federal Circuit.

July 9, 2002.

Before MICHEL, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

## DECISION

Adomas R. Brakas petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal as withdrawn. *Brakas v. United States Postal Serv.*, 90 M.S.P.R. 332 (MSPB 2001). We *affirm.*

## DISCUSSION

### I.

After the U.S. Postal Service ("agency") removed Mr. Brakas from employment on January 2, 2001, he timely appealed his removal to the Board. In his appeal, Mr. Brakas challenged the agency's reliance in its removal decision on past disciplinary actions against him that were the subject of ongoing negotiated grievance proceedings. Mr. Brakas contended that such reliance was contrary to our decision in *Gregory v. United States Postal Service,* 212 F.3d 1296 (Fed.Cir.2000), *rev'd,* 534 U.S. 1, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001).

At two prehearing telephone conferences, the parties discussed the option of a 35–day dismissal of the appeal without prejudice or a continuance to await issuance of an arbitration decision on Mr. Brakas's grievances. At a third prehearing telephone conference, the agency representative notified the administrative judge (AJ) that she had just learned that an arbitrator had issued a decision denying the grievances. She agreed to fax a copy to the AJ and to express mail one to Mr. Brakas, and the parties undertook to resume the conference the following day. At that conference, the arbitration decision was read to Mr. Brakas since he had not yet received it. He then withdrew his appeal in order to pursue a grievance of his removal under the negotiated griev-ance procedure. On this basis, the AJ dismissed the appeal on February 28, 2001.

Following the dismissal, on April 3, 2001, Mr. Brakas timely petitioned the Board for review, stating that (i) he was entitled to the 35–day extension agreed upon by the parties; (ii) he would not have withdrawn his appeal if he had had a copy of the arbitrator's decision to review at the time he agreed to withdraw his appeal; and (iii) denial of the 35–day extension deprived him of sufficient time to make an informed decision about withdrawing his appeal. The Board denied the petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). It also denied the petition to the extent it could be viewed as a petition to reopen and reinstate the appeal or a petition for the late filing of a new appeal from the original removal. This appeal followed.

### II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c)(1994); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). The decision of the Board in this case is none of these.

█ We find that substantial evidence supports the Board's finding that Mr. Brakas voluntarily withdrew his appeal. Mr. Brakas contends that he did not understand the ramifications of his decision to withdraw his appeal at the prehearing telephone conference until he received a written copy of the arbitrator's decision later that day. However, he does not explain

how his understanding from hearing the decision read to him by the AJ changed as a result of reading it, or why he waited over a month thereafter to file his petition for review.

Generally, withdrawal of an appeal removes the matter from the Board's jurisdiction, and the Board typically reinstates an appeal only in unusual circumstances, such as when there has been misinformation or where there is new and material evidence. *Brown v. Dep't of the Navy*, 71 M.S.P.R. 451, 453–54 (1996). There is no evidence that such circumstances are present here.

Mr. Brakas cites *Hall v. United States Postal Service*, 26 M.S.P.R. 233 (1985), where the Board concluded that a Postal Service employee has the right to appeal an adverse action to the Board as well as the right to pursue a negotiated grievance procedure. However, *Hall* does not establish any right of a Postal Service employee to proceed at the Board after withdrawing his Board appeal.

Mr. Brakas also contends that the union and agency incorrectly informed him that he could only choose one appeal process, either the Board or the negotiated grievance procedure. We find no evidence in the record supporting this contention. To the contrary, Mr. Brakas admits that his letter of dismissal advised him that he could file a grievance with the Board and pursue arbitration proceedings. Mr. Brakas has not shown that he received incorrect information, and thus he has not shown that his withdrawal of his first appeal and late filing of a new appeal should be excused.

We conclude that there is substantial evidence supporting the Board's finding that Mr. Brakas knowingly and voluntarily withdrew his Board appeal when the arbitrator ruled against him on the pending arbitration. For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.