NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3207

PATRICIA J. PENNEY-GUZMAN,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED: October 6, 2006

_____

Before BRYSON and PROST, <u>Circuit Judges</u>, and SARIS, <u>District Judge</u>.[*]

PER CURIAM.

Petitioner Patricia J. Penney-Guzman petitions for review of the final order of the

Merit Systems Protection Board ("Board") sustaining the decision of the Social Security

Administration (the "agency") to remove Ms. Penney-Guzman from service. We <u>affirm</u>.

BACKGROUND

At the time of her removal, Ms. Penney-Guzman was employed as a legal

assistant (senior case technician) with the agency's Office of Hearings and Appeals,

---

[*] Honorable Patti B. Saris, District Judge, United States District Court for
the District of Massachusetts, sitting by designation.

and she had been a federal employee for twenty one years. Ms. Penney-Guzman was disciplined on three occasions prior to her removal from service. In July 1996, she was suspended for three days for rude and discourteous conduct toward coworkers. In March 2000, she was suspended for five days for rude and discourteous conduct toward a coworker and failure to follow the rules for requesting leave. And in October 2003, she was suspended for thirty days for failure to follow instructions, false or misleading statements in matters of official interest, and rude and discourteous conduct toward a supervisor.

On February 15, 2005, the agency gave Ms. Penney-Guzman a Notice of Proposal to Remove her from service. The notice charged Ms. Penney-Guzman with "Rude and Discourteous Conduct towards a Supervisor." Specifically, the notice alleged that on December 6, 2004, Ms. Penney-Guzman repeatedly spoke to her supervisor, Paul Luna, in a loud and discourteous tone. Ms. Penney-Guzman and her union representative provided an oral response to the charge on March 14, 2005, and her union representative submitted a written response to the charge on March 15, 2005. The agency issued a decision on the proposal on March 24, 2005, and removed Ms. Penney-Guzman from federal service effective March 28, 2005. The decision letter informed her of her appeal rights.

On May 9, 2005, Ms. Penney-Guzman filed an appeal with the Board. In his September 9, 2005, initial decision, the administrative judge held that the agency proved the charge of "Rude and Discourteous Conduct towards a Supervisor." Penney-Guzman v. Soc. Sec. Admin., No. SF0752050628-I-1, slip op. at 3-6 (M.S.P.B. Sept. 9, 2005) ("Initial Decision"). The administrative judge also held that there was a nexus

between Ms. Penney-Guzman's misconduct and the efficiency of the service and concluded that the penalty of removal was reasonable. Id., slip op. at 14-19. In addition, the administrative judge rejected Ms. Penney-Guzman's affirmative defenses of disability discrimination and retaliation. Id., slip op. at 8-14.

Ms. Penney-Guzman petitioned for full board review of the administrative judge's decision. The Board denied the petition for review, making the administrative judge's initial decision the final decision of the Board. Penney-Guzman v. Soc. Sec. Admin., No. SF0752050628-I-1, slip op. at 2 (M.S.P.B. Jan. 27, 2006). Ms. Penney-Guzman timely petitioned this court for review of the Board's final decision.

DISCUSSION

This court has jurisdiction to review a final order or decision of the Board under 5 U.S.C. § 7703(b)(1). In reviewing the Board's decision, this court

> shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be
> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (2) obtained without procedures required by law, rule, or regulation having been followed; or
> (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c) (2000).

In her pro se appeal, Ms. Penney-Guzman makes, in essence, three arguments: (1) the incident leading to her termination never took place, (2) the administrative judge improperly relied on hearsay testimony, and (3) the administrative judge improperly considered Ms. Penney-Guzman's prior thirty-day suspension in determining that the penalty of removal was within the tolerable limits of reasonableness.

With regard to the incident leading to her termination, Ms. Penney-Guzman raises several issues with respect to the administrative judge's factual determination that she was rude and discourteous toward her supervisor, Paul Luna. The administrative judge found that on December 6, 2004, Ms. Penney-Guzman yelled at Mr. Luna when he was attempting to interact with her regarding a work issue. Initial Decision, slip op. at 6. In support of his finding, the administrative judge cited testimony from Mr. Luna himself and from Nancy Caldwell, another employee who testified that she personally witnessed the incident. The administrative judge had the opportunity to observe Mr. Luna and Ms. Caldwell testify and found both to be "highly credible." Id., slip op. at 6-7. In addition, the administrative judge had before him written statements of three other employees, all of whom stated that they overheard Ms. Penney-Guzman yelling at Mr. Luna. Id., slip op. at 6. The administrative judge's conclusion that Ms. Penney-Guzman yelled at Mr. Luna was therefore supported by substantial evidence.

Nevertheless, Ms. Penney-Guzman makes several arguments that implicate the administrative judge's finding that she yelled at Mr. Luna. She first argues that the administrative judge "failed to consider the totality of the circumstances." She cites 29 C.F.R. § 1604.11(b) in support of this argument. This regulation, however, applies to the Equal Employment Opportunity Commission, and states that the Commission will look at the totality of the circumstances when determining whether conduct constitutes sexual harassment. 29 C.F.R. § 1604.11(b) (2006). This regulation is not relevant to this case.

Next, Ms. Penney-Guzman argues that the administrative judge erred in not giving more weight to her own account of the incident. Specifically, she argues that the

administrative judge's "reasoning" was "flawed" in connection with his citation of <u>Suarez v. Department of Housing & Urban Development</u>, 96 M.S.P.R. 213, 229 (2004), <u>aff'd</u>, 125 F. App'x 1010 (Fed. Cir. 2005). In his decision, the administrative judge cited <u>Suarez</u> for the proposition that "uncorroborated and self-serving testimony is entitled to little weight." <u>Initial Decision</u>, slip op. at 6. Because the administrative judge found that Ms. Penney-Guzman's testimony was uncorroborated and self-serving, the administrative judge assigned it less weight. In addition, the administrative judge found that Ms. Penney-Guzman's account was contradicted by the testimony of Mr. Luna and Ms. Caldwell and the written statements of three other employees, all of whom stated that they witnessed Ms. Penney-Guzman yell at Mr. Luna. <u>Id.</u> The administrative judge's conclusion that Ms. Penney-Guzman yelled at Mr. Luna was therefore supported by substantial evidence.

Ms. Penney-Guzman also alleges that there are inconsistencies between the statements provided by certain witnesses. As noted above, however, the administrative judge's finding that Ms. Penney-Guzman yelled at Mr. Luna was supported by substantial evidence and thus will not be disturbed by this court.

Ms. Penney-Guzman also appears to allege that a written statement made by one of the witnesses to the incident, Administrative Law Judge Mason Harrell, was altered and that his statement was fabricated in order to "get rid of" Ms. Penney-Guzman so that Judge Harrell "could hire his own friends and promote them." Ms. Penney-Guzman has pointed to no evidence in the record to support these allegations and thus fails to establish that the administrative judge's conclusions were unsupported by substantial evidence.

Ms. Penney-Guzman's second argument is that the administrative judge improperly relied on "hearsay testimony." Hearsay evidence, however, may be used in Board proceedings. Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1364 (Fed. Cir. 1998). As a result, it was not error for the administrative judge to consider the written statements of three employees in conjunction with the testimony of Mr. Luna and Ms. Caldwell.

Finally, Ms. Penney-Guzman argues that under Gregory v. United States Postal Service, 212 F.3d 1296 (Fed. Cir. 2000), the administrative judge improperly relied on Ms. Penney-Guzman's prior thirty-day suspension in determining whether the penalty of removal was reasonable because her prior suspension was being appealed. Because Ms. Penney-Guzman did not make this argument below, it is waived and this court will not consider it for the first time on appeal. Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998). We note, however, that Gregory was vacated by the Supreme Court, which rejected the rule that the Board can never rely on prior disciplinary actions subject to ongoing grievance procedures. U.S. Postal Serv. v. Gregory, 534 U.S. 1, 7-8 (2001). In any event, Ms. Penney-Guzman's appeal of the thirty-day suspension was dismissed by the Board by final order on June 5, 2006.

Ms. Penney-Guzman does not raise her affirmative defenses of disability discrimination and retaliation on appeal, but we have considered the record on those issues and we conclude that the administrative judge did not err in rejecting Ms. Penney-Guzman's affirmative defenses.

For the foregoing reasons, we affirm the decision of the Board.

No costs.