NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CYRIL L. EDWARDS,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2016-1667

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-15-0030-I-1.

---

Decided: October 12, 2016

---

CYRIL L. EDWARDS, Rochester, NY, pro se.

TANYA B. KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI; MORGAN E. REHRIG, Office of General Counsel, United States Postal Service, Washington, DC.

---

Before PROST, *Chief Judge,* WALLACH and CHEN, *Circuit Judges.*

PER CURIAM.

Cyril Edwards appeals the final decision of the Merit Systems Protection Board ("MSPB"), which affirmed an administrative judge's ("AJ") initial decision to uphold the U.S. Postal Service's ("USPS") demotion of Mr. Edwards for improper conduct. *Edwards v. U.S. Postal Serv.*, No. NY-0752-15-0030-I-1 (M.S.P.B. Jan. 5, 2016) (Resp't's App'x 8–22). After the parties completed briefing in this appeal, the Government filed a motion notifying this court of subsequent developments related to the penalty imposed upon Mr. Edwards. *See* Resp't's Mot. for Leave to File Addendum. Because these developments necessarily inform whether the USPS imposed an appropriate penalty on Mr. Edwards, we vacate the MSPB's decision and remand with instructions to make further factual findings in the first instance.

BACKGROUND

I. Relevant Facts and Proceedings Before the MSPB

Mr. Edwards was employed by the USPS as Supervisor of Maintenance Operations in the Rochester Processing and Distribution Center in Rochester, NY. On March 17, 2014, Mr. Edwards reported to work for an eight hour shift and found that there was no work for him following a scheduling error. Mr. Edwards's supervisors told him he could leave before his shift ended, and he left after one and a half hours on duty. Mr. Edwards did not submit a form requesting leave and later told the acting supervisor overseeing attendance to credit him with eight hours of work for March 17, 2014.

The USPS shortly thereafter began investigating Mr. Edwards's actions, and a pre-disciplinary interview was held on April 9, 2014. The USPS determined that Mr. Edwards should not have received credit for time worked

when he left on March 17 and charged him with improper conduct, proposing as punishment a reduction in grade and pay.

Following an oral hearing, a deciding official ("DO") at the USPS issued a decision letter upholding the USPS's proposed reduction in grade and pay as a result of Mr. Edwards's improper conduct. Resp't's App'x 110. The DO determined that, inter alia, Mr. Edwards's supervisory status weighed heavily against him in determining an appropriate sanction and that he "[could not] be trusted to ensure accurate time keeping practices for a group of subordinate employees if [he could not] be trusted with [his] own time keeping responsibilities." *Id.* at 114.

Mr. Edwards subsequently petitioned the MSPB for review. An AJ affirmed the DO's decision and found that the USPS proved by a preponderance of evidence that Mr. Edwards engaged in improper conduct and that the penalty of a reduction in grade and pay promoted the efficiency of the service, as required under 5 U.S.C. § 7513(a) (2012).[1] *Id.* at 38. The AJ also found that the USPS demonstrated that the penalty imposed was appropriate in light of the twelve factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.B. 313, 331–32 (1981). *Id.* In so doing, the AJ rejected Mr. Edwards's claims that he received disparate treatment relative to three other employees who received only Letters of Warning or no penalty. *Id.* at 36. The AJ instead relied upon the penalty imposed on Ms. Robin Swan, Mr. Edwards's supervisor who similarly received a reduction in grade and pay for

---

[1] Section 7513(a) provides that "an agency may take an action . . . against an employee only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a).

leaving an eight hour shift without working four hours,[2] in assessing the appropriateness of the penalty imposed on Mr. Edwards. *Id.* at 37.

Mr. Edwards appealed the AJ's initial decision to the full MSPB, which affirmed the AJ's decision. *See id.* at 22. The MSPB modified the initial decision with respect to its findings on whether Mr. Edwards was subject to a disparate penalty, citing different reasons to support the ultimate conclusion that none of the three comparators proffered by Mr. Edwards were relevant. *Id.* at 16. The MSPB also rejected Mr. Edwards's assertion that the AJ improperly considered Ms. Swan as the sole relevant comparator. *Id.* at 17.

Mr. Edwards timely petitioned this court for review. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

## II. Developments on Appeal

While briefing remained ongoing in this appeal, the MSPB mitigated Ms. Swan's penalty from reduction in grade and pay to a thirty day suspension, finding that the penalty of demotion "exceed[ed] the tolerable limits of reasonableness." *Swan v. U.S. Postal Serv.*, No. NY-0752-15-0020-I-1 (M.S.P.B. June 7, 2016) (Resp't's Addendum 13). The Government later filed a Motion for Leave to File an Addendum including *Swan* "in an effort at fairness in this *pro se* case." Resp't's Mot. for Leave to File Addendum 1. Both parties discuss *Swan* in their briefs. *See* Resp't's Br. 18; Pet'r's Reply 1.

---

[2]  Section H.2b of the USPS's *Handbook F-401, Supervisor's Guide to Scheduling and Premium Pay* (Aug. 2000) states: "Nonbargaining exempt employees who intend to be absent for more than 4 hours on a workday should request a full day of leave." Resp't's App'x 127.

DISCUSSION

Mr. Edwards alleges that the MSPB committed various legal and factual errors when it upheld the USPS's decision to reduce his grade and pay. *See* Pet'r's Br. 7–27. As an initial matter, however, we first must address whether the MSPB's recent decision in *Swan* necessitates a remand in the instant appeal. We find that it does.

We generally will not review extra-record evidence not presented to the MSPB. *See Wilkes v. Dep't of Veterans Affairs*, 644 F. App'x 1015, 1019–20 (Fed. Cir. 2016) (Wallach, J., concurring); *see also Oshiver v. Office of Pers. Mgmt.*, 896 F.2d 540, 542 (Fed. Cir. 1990); Resp't's Br. 18 n.3 ("Although we recognize that this [c]ourt does not generally review evidence which was not presented to the [MSPB] . . . we include as an addendum the MSPB's initial decision for Manager Swan . . . ."). However, when factual information necessary to a final decision was unavailable during the administrative proceeding and later becomes available or changes while on appeal, we have found it appropriate to vacate and remand the administrative decision under review. *See, e.g.*, *Williams v. Soc. Sec. Admin.*, 586 F.3d 1365, 1368–69 (Fed. Cir. 2009) (vacating and remanding to the MSPB following Government counsel's admission of new evidence related to potential disparate treatment of a comparator that was not on record); *Gregory v. U.S. Postal Serv.*, 30 F. App'x 955, 957–58 (Fed. Cir. 2002) (remanding to the MSPB after a grievance pending at the time of the initial decision was decided in appellant's favor such that "further assessment of the correct penalty" was warranted).

A remand is appropriate in the instant appeal because the MSPB necessarily must consider *Swan* to ascertain the appropriateness of the penalty imposed upon Mr. Edwards. In *Douglas*, the MSPB set forth the relevant factors to consider when assessing the appropriateness of a penalty in an administrative proceeding related to

adverse employment action. *See* 5 M.S.P.B. at 331–32. One of those factors asks the DO to consider the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Id.* at 332. The MSPB has recognized that this factor "is of sufficient weight that it *may* warrant an outcome different from that of the initial decision." *Lewis v. Dep't of Veterans Affairs*, 2009 M.S.P.B. 96, ¶ 8 (2009). In particular, the MSPB has stated that, in the case of alleged disparate treatment between comparable employees, "the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence." *Id.* We agree and therefore remand so that the MSPB may reassess Mr. Edwards's penalty in light of *Swan*.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, the decision of the Merit Systems Protection Board is

## **VACATED AND REMANDED**